840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma Elizabeth BEGLEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health & Human Services,
Defendant-Appellee.
 No. 87-1376.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Emma E. Begley appeals from the district court's order affirming the Secretary's decision to deny disability insurance benefits. After considering the parties' briefs and the record below, we conclude that the Secretary's decision is supported by substantial evidence. Accordingly, we affirm the order of the district court.
 
 
 2
 * Begley was born on March 3, 1927. She was last employed as a seamstress and "floor lady" at the Midwest Casket Company from 1969 until February 1979. Before this job, Begley worked as a shoe packer and inspector for Margaret Shoes.
 
 
 3
 On August 9, 1982, Begley filed an application for disability insurance benefits, alleging she became disabled in February 1979. In her application, she alleged the following ailments: "back injury, arthritis thru back, arms and legs; weak heart muscles, degenerative arthritis in ribs, hypertension, borderline diabetic." Her claim was denied intially and upon reconsideration. On March 29, 1983, following a de novo hearing, an Administrative Law Judge found that Begley was not disabled. The Appeals Council denied review. Thereafter, Begley sought review in district court. However, on January 13, 1984, both parties stipulated that this case should be remanded for a second de novo hearing, because the Secretary had lost the record of the prior hearing.
 
 
 4
 On September 30, 1985, Begley was granted a second de novo hearing. The ALJ found that Begley was not entitled to benefits. He first noted that her insured status had expired on June 30, 1984. The ALJ then determined that she was suffering from a lumbosacral strain, but she did not have an impairment or combination of impairments which met or equaled those in the listing of impairments in Appendix 1 to Subpart P of Part 404. 20 C.F.R. Sec. 404.1520(d). After noting that Begley's subjective complaints were overstated in view of the objective evidence of record, the ALJ further found that Begley retained the residual functional capacity to perform work related activities except those involving prolonged standing or walking, or lifting over ten pounds. Since her past relevant work as a shoe packer and inspector did not require the performance of work beyond the above mentioned limitations, the ALJ concluded that Begley could perform this past relevant work between February 1979 and June 30, 1984. Consequently, the ALJ determined that Begley was not disabled within this time period and thus not entitled to disability insurance benefits.
 
 
 5
 The Appeals Council accepted the ALJ's report, modifying it to include the fact that Begley had failed to demonstrate that she suffered from a mental impairment. Although a magistrate recommended that the Secretary's decision be rejected, the district court affirmed, finding substantial evidence to support the decision.
 
 II
 
 6
 Begley raises two issues on appeal. First, she argues that she was denied due process of law when the Secretary lost the record from the first hearing. Begley also contends that the ALJ did not comply with the Appeals Council's directive, after remand from the district court, that the ALJ should "obtain existing medical evidence, covering the period December 1982 through June 30, 1984, from Dr. Buot...."
 
 
 7
 We hold that Begley has received the process that is due. After the Secretary lost the prior record, Begley was given a second de novo hearing, at which she could present her evidence and arguments anew. At this second hearing, the medical expert who testified in the initial hearing was present. Begley was represented by the same attorney in both hearings.
 
 
 8
 Begley had over two years to reconstruct the file. She has not specified what documents are missing, nor how those documents would have an effect on the outcome in this case. Nor has she argued that the record is missing a medical report, dated after December 1982, from Dr. Buot. We thus find Begley's first contention to be without merit.
 
 
 9
 Begley's second contention is that the ALJ erred in concluding that she could perform her past relevant work. She says the medical evidence points inexorably to the conclusion that she could not perform any work and thus is entitled to disability insurance benefits.
 
 
 10
 Our review of the Secretary's decision is limited to determining whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). "Even if the court might arrive at a different conclusion, the decision must be affirmed if supported by substantial evidence." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987) (citation omitted).
 
 
 11
 We have carefully reviewed the medical reports. Although we recognize there is some conflicting medical evidence concerning Begley's ailments, we are satisfied that the Secretary's decision is supported by substantial evidence. In evaluating Begley's ability to perform her past relevant work, the ALJ considered the medical evidence in relation to the minor physical demands of the work involved. See Social Security Ruling 82-62. Her job as a shoe packer and inspector required no lifting, bending or stooping. She would simply place the shoes in a box and push them aside. Begley testified that she had the option of either standing or sitting while she performed this work.
 
 
 12
 Accordingly, the district court's order affirming the Secretary's denial of benefits is AFFIRMED.